IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOVSEP KHACHATRYAN, )<br>)<br>Petitioner, )<br>v. )<br>)<br>LEONARD ODDO, *Warden, Moshannon* )<br>*Valley ICE Processing Center, et al.*, )<br>)<br>Respondents. ) | Case No. 3:25-cv-546<br>Judge Stephanie L. Haines |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Hovsep Khachatryan's ("Petitioner") Motion for a Temporary Restraining Order ("T.R.O.") filed at ECF No. 4. Therein, Petitioner requests that this Court: (1) enjoin Respondents from moving him outside of the Western District of Pennsylvania, (2) enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), (3) order Respondents to immediately release him, and (4) enjoin Respondents from removing him to a third country without providing him meaningful notice and an opportunity to present fear-based claims. ECF No. 4, p. 1.

For the following reasons, the Court will DENY Petitioner's Motion, IN PART, and to the extent that he seeks: an injunction preventing Respondents from moving him outside of the Western District of Pennsylvania, an injunction preventing Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), and an order directing Respondents to immediately release him.

However, upon consideration of Petitioner's filings, ECF Nos. 4, 5, the Court preliminarily finds that the requirements of Federal Rule of Civil Procedure 65 have been met relative to Petitioner's request for a T.R.O. preventing Respondents from removing him to a third country without providing him with meaningful notice and an opportunity to present fear-based claims. Therefore, the Court will: GRANT Petitioner's Motion IN PART, set a briefing schedule as to

Petitioner's remaining claim, and in the interest of judicial efficiency and to preserve the status quo, order that Respondents not remove Petitioner from the United States until further order of this Court.

I. **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

A T.R.O. and a P.I. may be distinguished by the type of relief each afford and the procedural mechanisms by which each may be obtained under Federal Rule of Civil Procedure 65.[1] *See Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974) ("[U]nder federal law [T.R.O.s] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Hope I*, 956 F.3d at 160 (finding that where the district court purported to enter an *ex parte* TRO but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a TRO"); *Snee v. Barone*, 359 F.App'x. 281, 284 n.4 (3d Cir. 2009) ("[T]emporary restraining orders are of extremely short duration and typically issue without notice to the opposing party."); *J.O. ex rel. C.O. v. Orange Twp. Bd. Of Educ.*, 287 F.3d 267. 273 (3d Cir. 2002)). Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute[,]" *Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974), T.R.O.s "may be appropriate at times, [but] they must be circumscribed in nature." *Hope I*, 956 F.3d at 160.

II. **Analysis**

Here, Petitioner requests that this Court: (1) enjoin Respondents from moving him outside of the Western District of Pennsylvania, (2) enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), (3) order Respondents to immediately release him, and (4) enjoin Respondents from removing him to a third country without providing him meaningful notice and

---

[1] The Third Circuit has made clear that "a court may not convert an *ex parte* [T.R.O.] into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 321 (3d Cir. 2020) [*Hope II*]. A Court does so when it issues a T.R.O. that "goes beyond preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*].

3

an opportunity to present fear-based claims. ECF No. 4, p. 1. The Court will address each request for relief in turn below.

### a. Request for an Injunction Prohibiting Petitioner's Transfer

The Court notes that an alien detainee's request to enjoin his or her transfer or movement when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA*, 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS*, 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan*, 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006).

Here, Petitioner points to no authority upon which this Court may properly enjoin Respondents from moving Petitioner outside of the Western District of Pennsylvania. *See Calla-*

*Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)). Therefore, because this Court lacks jurisdiction to enjoin Respondents from moving Petitioner outside of the district, it will DENY Petitioner's Motion insofar as he seeks a T.R.O. on that score.

### b. Request for Injunction Preventing Respondents from Detaining Petitioner Pursuant to 8 U.S.C. § 1225(b)(2)

In Petitioner's Motion, he requests that this Court grant him injunctive relief preventing Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2). However, Petitioner has filed, as an exhibit to his Petition for Writ of Habeas Corpus at ECF No. 1, an order from an Immigration Judge ("IJ") dated August 13, 2025, wherein the IJ Ordered Petitioner be removed, denied his request for Asylum, and granted his request of withholding of removal to Armenia. ECF No.1-2, pp. 23–29. Both Petitioner and the Department of Homeland Security ("DHS") waived an appeal of the IJ's Order, rendering the removal order final. ECF No. 1-2, p. 29.

Broadly speaking, 8 U.S.C. §§ 1225(b)(2) and 8 U.S.C. §§ 1226(a) and (c) apply to aliens who have not received a final order of removal, while 8 U.S.C. § 1231(a)(6) applies to aliens who have received a final order of removal. *Cf. Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (explaining that United States immigration law "authorizes the Government to detain certain aliens already in the country *pending the outcome of removal proceedings* under *§§ 1226(a) and (c)*."); *id.* at 288 ("Aliens who are instead covered by § 1225(b)(2)… *shall be detained for a [removal] proceeding*' if….") (quoting 8 U.S.C. § 1225(b)(2)) (emphasis added)

5

(alterations in original); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (explaining that 8 U.S.C. § 1231 authorizes detention "*[a]fter entry of a final removal order*[.]") (citing 8 U.S.C. §§ 1231(a)(2) and (a)(6)) (emphasis added).

In light of the foregoing and based upon Petitioner's final order of removal, which he filed with the Court, it is the Court's understanding that Petitioner is being detained pursuant to 8 U.S.C. § 1231 rather than § 1225. Therefore, the Court will DENY Petitioner's Motion requesting an injunction preventing Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2); indeed, Petitioner has failed to demonstrate a likelihood of success on the merits relative to any claim predicated on his detention under § 1225 as, by his own pleading, he is not being detained pursuant to that statute. *Transcontinental Gas Pipe Line Co., LLC*, 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).

### c. Request for an Injunction Granting Petitioner Immediate Release

In Petitioner's Motion for a T.R.O., Petitioner requests that this Court order his immediate release. ECF No. 4, p. 1. In this way, Petitioner requests relief that goes beyond the "limited nature of a [T.R.O.]" and instead requests "mandatory, affirmative relief[.]" *Hope I*, 956 F.3d at 162 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]") (citing *Granny Goose*, 415 U.S. at 439). Thus, this Court will DENY Petitioner's Motion in so much as it requests a T.R.O. directing his immediate release as a T.R.O. is not the appropriate vehicle for such relief.

### d. Request for Injunction Granting Notice of Removal to Third Countries and an Opportunity to Raise Fear-Based Claims

Finally, Petitioner requests that this Court enter a T.R.O. enjoining Respondents from removing him to a third country without providing him meaningful notice and an opportunity to

present fear-based claims. ECF No. 4, p. 1. Because questions remain as to what constitutes appropriate notice and a meaningful opportunity to raise fear-based claims for those granted withholding of removal in light of DHS's July 9, 2025, Policy, *see* ECF No. 5, p. 14, the Court will issue a T.R.O. barring Petitioner's removal from the country in order to preserve the status quo and set briefing as to the limited issue of notice.

An appropriate Order follows:

## ORDER

AND NOW, this 5th day of January 2026, upon due consideration of Petitioner Hovsep Khachatryan's ("Petitioner") Motion for a Temporary Restraining Order at ECF No. 4, IT IS HEREBY ORDERED that Petitioner's Motion is DENIED IN PART. Specifically, Petitioner's Motion is denied insofar he seeks: an injunction preventing Respondents from moving him outside of the Western District of Pennsylvania, an injunction preventing Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), and an order directing Respondents to immediately release him.

IT IS FURTHER ORDERED that Petitioner's Motion for a Temporary Restraining Order, ECF No. 4, is GRANTED IN PART. Respondents are not to remove Petitioner from the United States until further order of this Court. This Temporary Restraining Order shall remain in effect for the fourteen (14) days permitted by Rule 65, meaning that it shall last until Monday, January 19, 2026, unless extended by the Court before that time.

IT IS FURTHER ORDERED that in light of the seriousness of the relief sought, and in accordance with the procedures set forth in Rule 65 of the Federal Rules of Civil Procedure, Respondents shall file and serve a written response to Petitioner's request for a Temporary

Restraining Order no later than **11:59 PM on January 12, 2026**. Aside from any additional arguments Respondents wish to make, the Response shall specifically address:

    A.    DHS' policy regarding the removal of aliens who have been ordered removed—but granted a withholding of removal—to third countries that are not designated in the final order of removal;

    B.    How this policy comports with due process and related procedural protections;

    C.    And, whether this Court possesses jurisdiction over these issues;

The Petitioner may, but is not required to, file and serve a Reply to any response submitted by Respondents by **11:59 PM on January 14, 2026**. The Court will schedule a hearing on the Motion for Temporary Restraining Order as necessary.

IT IS FURTHER ORDERED that Petitioner shall effectuate service of the filing at ECF Nos. 4 and 5 upon Respondents, alongside a copy of this Memorandum Order, within two (2) days of the date of this Order.

IT IS FURTHER ORDERED that Petitioner shall place security in the nominal amount of $1.00 with the Court within seven (7) days of the date of this Order. If presented as cash or check, the funds will be placed in the local Court Registry and will remain there until further order of court.

BY THE COURT:

/s/ Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE