IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOVSEP KHACHATRYAN, | ) |
| | ) |
| Petitioner, | ) 3:25-CV-00546-SLH |
| | ) |
| vs. | ) STEPHANIE L. HAINES |
| | ) UNITED STATES DISTRICT JDUGE |
| LEONARD ODDO, *Warden of the Moshannon Valley Processing Center, in His Official Capacity, et al.*, | ) |
| | ) |
| | ) |
| Respondents. | ) |
| | ) |

## **MEMORANDUM ORDER**

**I.   Background**

Now pending before the Court is Petitioner Hovsep Khachatryan's ("Petitioner") "Motion for Temporary Restraining Order" ("Motion for a T.R.O."). (ECF No. 4).

As the Court explained in the Order it issued on January 5, 2026:

> Petitioner requests that this Court: (1) enjoin Respondents from moving him outside of the Western District of Pennsylvania, (2) enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), (3) order Respondents to immediately release him, and (4) enjoin Respondents from removing him to a third country without providing him meaningful notice and an opportunity to present fear-based claims.

(ECF No. 4, p. 1).

The Court denied Petitioner's Motion, IN PART, and to the extent that he sought: an injunction preventing Respondents from moving him outside of the Western District of Pennsylvania, an injunction preventing Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), and an order directing Respondents to immediately release him. (ECF No. 7, p. 1). However, the Court preliminarily found that the requirements of Federal Rule of Civil Procedure 65 were met relative to Petitioner's request for a T.R.O. preventing Respondents from removing

him to a third country without providing him with meaningful notice and an opportunity to present fear-based claims. (*Id.*)

As a result of that Order, on January 5, 2026, at 4:20 p.m., the Court entered a Temporary Restraining Order ("T.R.O.") barring Respondents from "remov[ing] Petitioner from the United States until further order of this Court." (*Id.* at 1-2). The Court thereafter set a briefing schedule. (*Id.* at 7-8). Pursuant to this briefing schedule, Respondents filed their Response to Petitioner's Motion for a T.R.O. on January 12, 2026. (ECF No. 11). Petitioner did not file an optional Reply by the deadline of January 14, 2026, set by the Court.

## II. Discussion

In order to obtain a T.R.O., petitioners must show that: (1) "they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief." *Hope v. Warden York County Prison*, 972 F.3d 310, 319 (3d Cir. 2020). If these "two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [respondents] more than denying relief would harm the [petitioners] and (4) whether granting relief would serve the public interest." *Id.* at 319–20. Further, a T.R.O. expires "at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." FED. R. CIV. P. 65(b)(2).

In this case, the Court entered its T.R.O. on Monday, January 5, 2026, at 4:20 P.M. That T.R.O. will therefore expire today, January 19, 2026, at 4:20 P.M., unless the Court finds good cause to extend it for an additional fourteen days. For multiple interrelated reasons, the Court finds that good cause exists to extend the T.R.O. to Monday, February 2, 2026, at 4:20 P.M. First, having reviewed the parties' submissions to date, the Court is satisfied that the four factors above

support a continued T.R.O. barring Petitioner's removal from the country at this time. Indeed, Petitioner has raised a claim that *may* warrant relief via a preliminary injunction. Second, Petitioner's arguments, as well as Respondents' contentions in response, raise legal issues that may be impacted by a decision from the Third Circuit Court of Appeals that was issued after briefing in this case had closed. Therefore, if the Court issues a snap judgment, it may err in matters that are of significant import to Petitioner, the Executive Branch, and the country. All of this counsels against hastily ruling on Petitioner's request for relief. However, if the Court does not rule quickly on Petitioner's request, and if the Court does not extend the T.R.O. until February 2nd, the Court runs a risk of potentially seeing an individual removed from the country without the benefit of legal protections due him.

Given all of the foregoing, the Court finds that good cause exists to extend the T.R.O. until February 2, 2026, at 4:20 P.M., which will enable the Court to hear oral argument from the parties regarding Petitioner's request for injunctive relief, take additional briefing from the parties if necessary, and issue a decision that appropriately addresses and takes stock of the consequential legal and personal issues at stake in this matter.

Therefore, the Court enters the following Order:

### **ORDER OF COURT**

AND NOW, this 19th day of January, 2026, IT IS HEREBY ORDERED that the T.R.O. that the Court entered at ECF No. 7 is EXTENDED until Monday, February 2, 2026, at 4:20 P.M. FED. R. CIV. P. 65(b)(2). Accordingly, Respondents shall not remove Petitioner from the country until that date and time, or until further order of this Court, whichever is earlier.

IT IS FURTHER ORDERED that counsel for Petitioner and Respondents shall appear before the Court for a Preliminary Injunction Hearing on **Friday, January 23, 2026, at 10:30**

**A.M.**  The Court will conduct this hearing via Zoom and will disseminate the Zoom information to counsel of record by email prior to the hearing.

IT IS FURTHER ORDERED that, during the Preliminary Injunction Hearing before the Court, as well as in the parties' briefs, they shall be prepared to address the following items to the Court:

1. The status of Petitioner's immigration case;
2. The precise injunctive relief that Petitioner is presently seeking;
3. Whether 8 U.S.C. §§ 1252(b)(9) or (g) bar this Court from affording Petitioner the relief he seeks;
4. What impact the recent Third Circuit Court of Appeals case of *Mahmoud Khalil v. President, United States of America*, No. 25-2162, Jan. 15, 2026, has on the instant case;
5. Whether Petitioner is a member in the nationwide certified class in *D.V.D. v. U.S. Department of Homeland Security*, ECF Nos. 118 and 64, Civ. No. 1:25-10676-BEM (D. Mass. Apr. 18 and May 21, 2025) precluding him from relief in this Court; and,
6. Any other matter that either party sees fit to address to the Court.

BY THE COURT:

/s/ *Stephanie L. Haines*
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE