IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOVSEP KHACHATRYAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:25-cv-546 |
| ) | Judge Stephanie L. Haines |
| LEONARD ODDO, *in his official capacity* ) | Magistrate Judge Keith A. Pesto |
| *as the Warden of Moshannon Valley* ) | |
| *Processing Center, et al.*, ) | |
| ) | |
| Respondents. | |

## MEMORANDUM ORDER

The Court convened for a hearing on the Temporary Restraining Order ("T.R.O.") (ECF No. 4) filed by Petitioner, Hovsep Khachatryan ("Petitioner") on January 4, 2026. On January 5, 2026, the Court issued a Memorandum Order (ECF No. 7) denying the T.R.O. in part and ordered briefing on the remaining issue, whether the District Court had jurisdiction to rule on the Department of Homeland Security's policy regarding final orders of removal as they pertain to aliens who are ordered removed to third countries. The Government filed its Response (ECF No. 11). The T.R.O. was extended to February 2, 2026, and a Zoom hearing was set for January 23, 2026 (ECF No. 13).

Petitioner is a citizen of Armenia, who entered the United States without admission or Parole on October 24, 2024. ECF No. 1, ¶ 25. At the U.S. border, he was taken into custody and has remained in the custody of Respondents since. He was placed into expedited removal proceedings and it is the Court's understanding that he is now detained under a final un-appealed order of removal pursuant to 8 U.S.C. § 1231(a)-(b) since August 13, 2025. The Court understands that Petitioner's final order of removal lists Armenia as the receiving country but that Petitioner was granted withholding of removal to Armenia. ECF No. 11, p. 4; ECF No. 1-2, p. 28. As such,

1

Petitioner is to be removed to a third-party country, though still under a final order of removal.

It is upon these facts that the Court finds that it does not have jurisdiction over Petitioner's remaining claim to enjoin Respondents from removing Petitioner to a third-party country without providing Petitioner with meaningful notice and an opportunity to present a fear-based claim. ECF No. 5, p. 9. The Court bases it decision on 8 U.S.C. §§ 1252(b)(9),[1] 1252(g),[2] and the recent Third Circuit decision in *Khalil v. President, United States*, No. 25-2162, 2026 WL 111933 (3d Cir. Jan. 15, 2026).

> Our conclusion about habeas jurisdiction requires us to answer a second question: Did the Immigration and Nationality Act (INA) strip the New Jersey District Court of subject matter jurisdiction? It did. Because the INA channels "[j]udicial review of all questions of law... arising from any action taken or proceeding brought to remove an alien from the United States" into a single petition for review filed with a federal court of appeals, we hold that the District Court lacked jurisdiction over Khalil's removal proceedings. 8 U.S.C. § 1252(b)(9).

*Khalil*, 2026 WL 111933, at *1.[3]

---

[1] **(9) Consolidation of questions for judicial review**
Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C.A. § 1252 (West)

[2] **(g) Exclusive jurisdiction**
Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C.A. § 1252 (West)

[3] The Court notes that it retains jurisdiction over the issue of prolonged detention for detainees under final orders of removal. Such claims are governed by the Supreme Court's ruling in *Zadvydas v Davis*, 533 U.S. 678 (2001). While the:

> [L]anguage of section 1231(a)(6) does not impose clear statutory limits, temporal or otherwise, on the Government's ability to detain aliens prior to their removal, the Supreme Court in *Zadvydas v.*

Accordingly, the following order is entered:

## ORDER

AND NOW, this 23rd day of January, 2026, IT IS HEREBY ORDERED that the Court's Order (ECF No. 7) is hereby vacated; and

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Restraining Order (ECF No. 4) is DENIED; and

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

The Clerk of Court is to mark this case closed.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge

---

*Davis*, 533 U.S. 678 (2001) held that after a six-month period of presumptively reasonable detention, the alien may "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the Government "must respond with evidence sufficient to rebut that showing." *Id.* at 701. *Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief. *Id.*

*Alexander v. Att'y Gen. US*, 495 F. App'x 274, 276–77 (3d Cir. 2012) (cleaned up). Finally, this 6-month presumption "'of course, does not mean that every alien not removed must be released after six-months.'" *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009) (quoting *Zadvydas*, 533 U.S. at 701).